989 F.2d 494
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Shown Dywer REED, Petitioner-Appellant,
v.
Bernard L. BRAXTON, Administrator of the Occoquan Facility
of the District of Columbia Department of
Corrections, Respondent-Appellee.
 No. 92-6652.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 21, 1992
Decided: March 11, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-92-559-A)
 Shown Dywer Reed, Appellant Pro Se.
 Dennis Edward Szybala, Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Shown Dywer Reed appeals the district court's denial of his 28 U.S.C. § 2241 (1988) motion. Reed contended in his motion that his continued incarceration pursuant to a federal detainer was illegal. Finding no error, we affirm.
 
 
 2
 In December 1989 Reed was arrested and incarcerated in Alexandria, Virginia, on federal gun charges. He pled guilty to those charges on January 8, 1990. On January 25, 1990, the Superior Court of the District of Columbia sentenced Reed on separate charges to two to six years. On March 9, 1990, Reed was sentenced to fourteen months pursuant to the federal conviction. The federal sentence was to run consecutive to any sentence Reed currently was serving.
 
 
 3
 On April 4, 1990, Reed was transferred to FCI-Otisville. Officials there informed him that he was serving his federal sentence and the District of Columbia had lodged a detainer against him. In fact, Otisville officials had the situation reversed: Reed actually was serving his District of Columbia sentence, and the federal detainer was on file.
 
 
 4
 On January 7, 1991, Reed was transferred to FCI-Ashland. On February 18, 1991, his sentence computation was audited, and officials discovered the error made at Otisville. An accurate sentence computation sheet was generated, reflecting that Reed was serving his District of Columbia sentence and that a federal detainer had been lodged against him.
 
 
 5
 Following his parole from his District of Columbia sentence, Reed was transferred to federal custody pursuant to the detainer. He alleged in his § 2241 action that because he originally was told that he was serving his federal sentence, and because fourteen months had elapsed since imposition of that sentence, he had completed his federal sentence. Reed concluded that his continued incarceration was illegal. The district court, ruling from the bench, rejected this argument and denied the motion. Reed appeals.
 
 
 6
 "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility." 18 U.S.C. § 3585(a) (1988); see Thomas v. Whalen, 962 F.2d 358, 360 (4th Cir. 1992). On January 25, 1990, Reed was committed, pursuant to his District of Columbia conviction, to the custody of the Attorney General for two to six years. His term of imprisonment began on that day in the Alexandria jail and continued through stays at FCI-Otisville and FCI-Ashland.[1] Contrary to his assertion, he was not serving his federal sentence at that time. To find otherwise would be wholly at odds with the intention of the federal sentencing judge, who specified that Reed's sentence was to run consecutive to any sentence Reed then was serving.
 
 
 7
 As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.[2]
 
 AFFIRMED
 
 
 [1]
 The Attorney General may direct that District of Columbia prisoners serve their sentences in federal prisons. D.C. Code Ann. § 24-425 (1989)
 
 
 [2]
 In light of the disposition of the appeal, the motion to expedite consideration is denied